[No. 3018, May 26, 1927. Rehearing Denied Aug. 23, 1927]

## SPURGEON v. HUGHES.

[258 Pac. 350.]

### SYLLABUS BY THE COURT

Under Laws 1915, c. 71, as amended by Laws 1917, c. 74, recording a chattel mortgage, without filing or minuting, is sufficient for constructive notice.

Appeal from District Court, Catron County; Owen, Judge.

---

[1] 11CJ p. 536 n. 12 New.

Action by G. S. Spurgeon against Levi A. Hughes, receiver of the Livestock & Agricultural Loan Company of New Mexico. From an adverse judgment, defendant appeals. Affirmed and cause remanded.

Marron & Wood, of Albuquerque, and J. O. Seth, of Santa Fe, for appellant.

J. G. Fitch, of Socorro, for appellee.

### OPINION OF THE COURT

WATSON, J. This suit is a contest for priority between two chattel mortgages. Appellee's mortgage was sent to the county clerk for recording, and the fee paid. It was recorded in full in a record of chattel mortgages, and indexed in the usual manner of indexing instruments of record. It was not minuted or indexed in the special chattel mortgage minute record prescribed by section 5, chapter 71, Laws of 1915. After being recorded, the instrument was returned to appellee, and no copy was left with the clerk. Appellant subsequently took a mortgage upon the same property. Having no actual notice of appellee's mortgage, it claims that the procedure above described did not constitute constructive notice, and that its mortgage, to the filing and minuting of which there is no objection, is entitled to priority.

The question requires interpretation of chapter 71, Laws of 1915, as amended. Great carelessness is manifest in the enacting and amending of that chapter. Its lack of clearness has perplexed all who have had occasion to consult it. It is well that it has finally been repealed. Laws 1925, chapter 25.

Prior to 1915, chattel mortgages were to be recorded "in the same manner as conveyances affecting real estate," and, when recorded, "the party in whose favor the mortgage is executed shall have the right to withdraw the same." Code 1915, § 567. The facts in this case were stipulated. As we understand them, appellee fully complied with the foregoing requirements. In 1915 (chapter 71) this section was repealed. The man-

ner of recording conveyances of real estate was still prescribed by statute, however, and was generally understood.

The difference between counsel is this: Appellee contends that, while chapter 71 introduced a new system of filing and minuting, the old procedure of recording was left optional with the mortgagee. Appellant contends that, though the mortgagee chose to record his mortgage in the old fashion, he must also have it minuted in the chattel mortgage record newly prescribed, and must leave on file the original or a copy of the instrument.

The original provisions of chapter 71, as beaing upon the present question, were: Section 3 required that the chattel mortgage or a copy thereof be filed in the office of the county clerk, "provided, that such chattel mortgage * * * may also be recorded in the same manner as an instrument affecting real estate." Section 4 required the clerk to indorse upon the instrument, or the copy, the time of receiving it and to retain it in the files of his office, "provided, that in case of recording as hereinbefore provided," the mortgagee might "withdraw the original if filed whenever a true copy thereof is filed with such county clerk." The section further provided that when a mortgage "is acknowledged and filed, or recorded in the manner herein prescribed," and it is shown to the court that the same is lost or not in the possession of the party wishing to use the same, " a copy thereof or of the record thereof," duly certified, may be received in evidence without further proof. The section further provided that a certified copy of any original mortgage, or of any copy thereof, "filed as aforesaid," shall be received in evidence; but only as to the fact of receiving and filing according to the clerk's indorsement thereon. Section 5 required the clerk to keep a book in which he should minute certain prescribed facts regarding "all such instruments." Section 6 provided that every chattel mortgage "filed in accordance with the provisions of this act, shall have the full force and effect given to the recording of an in-

strument affecting real estate.'' Section 7 provided
that ''whenever any such chattel mortgage * * * shall
have been paid or satisfied,'' and upon the filing of an
acknowledged satisfaction thereof, the clerk shall enter
in the record book in which the instrument is minuted
the word ''satisfied'' and the date; and then provides:

''In case any such chattel mortgage * * * is also re-
corded, it shall be the duty of the county clerk to make
the same entry on the margin of the page where such in-
strument is recorded.''

Section 8 provided that a chattel mortgage ''filed as
herein provided'' should be void as against creditors,
etc., after six years. Section 9 provided that the clerk
should charge and collect in advance for the filing and
entry of a chattel mortgage 25 cents, and that ''in case
any such chattel mortgage * * * is recorded as afore-
said,'' he should ''in like manner charge and collect the
fee provided by law for the recording of instruments
affecting real estate.''

To comment upon the many inconsistencies and some
seeming absurdities of this chapter would be profitless.
It is superfluous to say that its meaning is dubious. It
may well be argued that all of the provisions taken to-
gether manifest an intent that every chattel mortgage
must thereafter be minuted in the new record book and
left on file, even though the mortgagee has chosen to
have it recorded at length. Reasons may also be sug-
gested to support a contrary conclusion, based, not only
upon the language of the chapter, but upon the mani-
fest uselessness of incumbering the files of the county
clerk with the original or copy of an instrument which
has been spread in full upon his records. One reading
section 3 might well conclude that he had the right to
have his mortgage recorded as he would record a real
estate mortgage, and that if he was willing to do so and
pay the expense thereof, he need not concern himself
with the further and new provisions of the act.

In 1917 (chapter 74) section 2 of the act was amend-
ed to read as follows:

''Sec. 2. That hereafter all chattel mortgages, * * *

shall be acknowledged by the owner or mortgagor in the
same manner as conveyances affecting real estate, and the
same shall be filed or recorded as hereinafter required.
The failure to so file or record any such instrument in writ-
ing shall render the same void as to subsequent mortgages
in good faith, purchasers for value without notice, and sub-
sequent judgment or attaching creditors without notice; and
as against subsequent general creditors without notice, such
unrecorded instrument shall not be valid until the same
shall be duly filed or recorded as hereinafter provided."

The amendment goes far beyond the scope of the or-
iginal section 2, which provided merely that chattel
mortgages should be acknowledged. The part italic-
ized is not germane to the original section, but affects
other sections of the act. Before amendment, it could
well be urged that section 3 required every chattel mort-
gage to be filed in the clerk's office, and that section 4
required that it, or a copy of it, should be retained
therein. The amendment did not touch these provis-
ions; but it placed ahead of them a provision that chat-
tel mortgages should be "filed or recorded." Section
6 provided that a chattel mortgage filed in accordance
with the provisions of the act should have the force
and effect given to the recording of an instrument af-
fecting real estate. This provision was undisturbed.
But amended section 2, by necessary implication, pro-
vided that either filing or recording should have such
effect.

It cannot be supposed that the 1917 Legislature in-
tended, by an amendment of section 2 of the Act of
1915, to put in effect provisions quite inconsistent with
those of other sections of the act. The 1917 Legislature
must have interpreted the 1915 act as appellee did;
that is that if a chattel mortgage were recorded in the
same manner as real estate mortgages were to be re-
corded, it was unnecessary to comply with the provis-
ions for filing and minuting.

The Legislature of 1923 (chapter 8) also seems to
have construed chapter 71 in the same manner. Desir-
ing that the provisions thereof should be made to apply
to conditional sales contracts, etc., as well as to chattel
mortgages, it provided that every such instrument

"shall be either recorded or filed * * * in accordance with the provisions of chapter 71 of the Session Laws of 1915." And desiring (chapter 14) to provide for the recording of partido contracts, it required that they should be "either recorded or filed * * * in accordance with the provisions of chapter 71 of the Session Laws of 1915." These 1923 acts, of course, are of no importance except as showing that that Legislature construed the act as we construe it.

Perhaps the greatest difficulty arises out of section 4, the provisions of which were not changed. It is to be inferred therefrom that, even though the instrument had been actually recorded, the original might be withdrawn only on substituting a copy. This, however, is merely permissive in form, and occurs rather, as we think, because of a misconception, than because of any positive legislative intent to incumber the clerk's files with useless documents. Section 4 discloses, not only a looseness of language, but a confusion of ideas; and we do not think that a merely permissive provision thereof should be allowed to control the whole act and lead to an unreasonable construction contrary to that which the Legislature itself has several times put upon it.

Counsel for appellant seems to consider the interpretation of the statute settled by Nations v. Lowenstern, 27 N. M. 613, 204 P. 60. The effect of the statute was there summarized, and in so doing the court said:

"If the original is filed, it may be withdrawn only when recorded and upon filing a true copy in its stead."

That was not interpretation, however. It was mere summarization of the language. No such question was before the court, and no decision was given upon it. It was expressly stated that the instrument there in question was not recorded. The case involved an attempt to file and minute. The attempt was held insufficient compliance with the statute to effect constructive notice. The present case is one of full compliance with an alternative and optional method of giving such notice.

It follows that the recording of appellee's mortgage was constructive notice to appellant, and that the judgment should be affirmed, and the cause remanded.

It is so ordered.

PARKER, C.J., and BICKLEY, J., concur.