29 P.(2d) 486

**SHAFFER et ux. v. McCULLOH.**

No. 3863.

Supreme Court of New Mexico.

Jan. 30, 1934.

C. C. McCulloh, of Mountainair, for appellant.

G. O. Caldwell, of Mountainair, and Fred H. Ayers, of Estancia, for appellees.

ZINN, Justice.

From a judgment in replevin awarding to appellees the possession of 91 sacks of C. R. C. Pinto beans, the appellant prosecutes this appeal.

The appellant was substituted as defendant for the Mountainair Trading Company, the original defendant, who was in possession of the beans when the action was commenced, in the manner provided by Laws 1931, c. 156. The appellant filed an answer and cross-complaint.

Appellees had a chattel mortgage on one-half of the 1930 bean crop of W. A. Priest. Priest sold 200 sacks of beans to the appellant, of which amount the appellees claimed 8,667 pounds. The case was tried before the court, without a jury, and the court found that the appellees were entitled to the immediate possession of 91 sacks or 9,100 pounds of C. R. C. Pinto beans, which were delivered to the appellees. The court found the facts generally in favor of the plaintiffs. There were no specific findings of fact or conclusions of law made or requested.

Four errors are assigned by appellant as grounds for reversal.

The first is that the chattel mortgage being recorded and not filed, it did not constitute constructive notice, and, if filed, the same was not left on file, nor a copy thereof, as required by Comp. St. 1929, § 21-102.

The chattel mortgage was left with the county clerk of Torrance county on the 18th day of February, 1930, by the appellees for filing, not recording, and the clerk was paid 25 cents, the statutory filing fee. The coun-

ty clerk received the same and entered it in the general reception record for that purpose as No. 4101, in the following manner: c. 71, as amended is not in point here. This act was subsequently repealed by Laws 1925, c. 25.

---

Reception Record,     Chattel Mortgages     Torrance County,     New Mexico

| Number | Time of Reception year month day hour | | | | Name of Mortgagor | Name of Party in whose favor instrument is drawn |
|---|---|---|---|---|---|---|
| 4101 | 1920 | Feb. | 12 | 10:30 | W. A. Priest et ux | Clem Shaffer |

| Date of Instrument | When due | Amount secured | Property Mortgaged and Location |
|---|---|---|---|
| Feb. 14, 1920 | | 4616.75 | ½ interest in entire 1920 crop etc. |

| Date of Satisfaction | Filing Entry Fee Paid | Instrument Delivered | Filing Satisfaction Fee Paid | Remarks |
|---|---|---|---|---|
| | 25 | | Cancelled | Void |

After the entry was obliterated, the instrument was recorded instead of being filed. The clerk did not indorse upon said mortgage the number of the same and the time of reception, as required by statute.

We need not concern ourselves with the question whether a chattel mortgage which is recorded in a book kept by the county clerk, as ex officio recorder, and not filed, is effective notice.

The case of Spurgeon v. Hughes, 62 N. M. 437, 258 P. 350, which interpreted Laws 1915,

The question presented is whether the neglect of the county clerk in not properly filing a chattel mortgage is chargeable to the mortgagees so that subsequent purchasers or attaching creditors take without notice.

The particular terms of our statute we deem decisive of the question. It is required that the instrument or a copy be filed in the office of the county clerk. Comp. St. 1929, § 21-102. It is failure "to so file" that "renders the same void. * * *" Id.

It may be conceded that the word "file" may, in a proper context, mean more than the mere handing to the clerk with the required fee, as we held it to mean in Gallagher v. Linwood, 30 N. M. 211, 231 P. 627, 37 A. L. R. 664, and in Waldo v. Beckwith, 1 N. M. 97, and may mean or include the act of the officer in depositing the document in the proper archives. Still, it was plainly used in the former sense in this statute, because, in describing the second act, in, the succeeding section, the Legislature avoids the use of the word, and says that the county clerk "shall retain the same in the files of his office." The Legislature chose its terms with discrimination, and made it plain that it is the failure of the mortgagee to "file," not the failure of the official to "retain," that renders the mortgage void.

Instruments affecting real estate are governed by another section of the statute. Comp. St. 1929, § 118-101 et seq.

■ We cannot consider the second error urged, which is that the mortgagees gave their consent to the sale. No such finding was requested or urged in the trial below. It is raised here for the first time. This court has repeatedly held that questions, points, issues, and matters · which are not jurisdictional, not raised, presented, or passed upon below, are not reviewable on appeal, and a citation of authorities would be superfluous.

■ The third assignment of error is without merit. The complaint in this case was filed December 30, 1930, and the appellant was substituted as a defendant in the manner provided by Laws 1931, c. 156, which was not in effect until after the complaint was filed. The appellant claims that such a change of procedure affected a pending case contrary to N. M. Const. art. 4, § 34, which prohibits a change in the rules of evidence or procedure in any pending case. The appellant did not urge this question below. He appeared, answered, and filed his cross-complaint without objection to his being brought into the proceedings as a party, and cannot now be heard.

■■ It is finally contended by appellant in his fourth assignment of error that the judgment is void because it is a joint judgment against the appellant and the original defendant, and for the further reason that the appellees in their complaint only made demand for 8,667 pounds of C. R. C. beans, whereas the judgment is for 91 sacks or 9,100 pounds.

The appellant is in no way injured by the fact that the judgment includes the original defendant. We cannot hear a complaint where no prejudice or injury is shown to the appellant.

The inclusion of five sacks of beans more than claimed or belonging to the appellees does not make the judgment void. The appellees in oral argument before this court confessed error as to the surplus amount of beans awarded, and the appellant, having failed to specifically except to the inclusion of this excess in the judgment below, cannot predicate error for the first time on appeal.

The cause will be remanded for modification of the original judgment in accordance with this opinion. It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and BICKLEY, JJ., concur.