**UNITED STATES of America, Plaintiff,**

v.

**CITY OF WILLIS, TEXAS, Defendant.**

**Civ. A. No. 10904.**

United States District Court
S. D. Texas,
Houston Division.

July 16, 1958.

William B. Butler, U. S. Atty., Randolph F. Wheless, Jr., Asst. U. S. Atty., Houston, Tex., for plaintiff.

George B. Darden, City Atty., City of Willis, Tex., Conroe, Tex., Hofheinz, Sears, James & Burns, Robert L. Burns, Houston, Tex., for defendant.

INGRAHAM, District Judge.

This action was brought by plaintiff to recover the sum of $2,650 advanced to defendant by the Federal Works Administrator pursuant to Title V of the War Mobilization and Reconversion Act of 1944, Public Law 458, 78th Congress, approved October 3, 1944, 50 U.S.C.A. Appendix, § 1671, for preparing and drafting plans for the construction of a complete sanitary sewer system, including mains, laterals, services, manholes and appurtenances, together with sewage treatment plant consisting of Imhoff tank, sludge beds, final settling pond and appurtenances.

By pre-trial order, dated May 28, 1958, the following facts were stipulated:

"(a) The City of Willis, Texas, defendant in this action, is a corporate body politic organized and existing by virtue of the laws of the State of Texas.

"(b) That the United States of America entered into an agreement

with the City of Willis, Texas, defendant· in this cause, to advance $2,650.00 to the said defendant for the purpose of plan preparation for construction of the public work described as a new sanitary sewer system and disposal plant located in and near the City of Willis, Texas.

"(c) That under the terms of said agreement, the said City of Willis, contingent upon receipt of the advance, offered to complete such plan preparation and to repay such advance when required in accordance with the regulations of the Bureau of Community Facilities of the Federal Works Agency dated January 1, 1946.

"(d) That the said agreement was entitled 'Agreement and Public Voucher for Advance' and was executed on June 17, 1947 by Mayor C. W. Kennedy, acting under proper authority as the agent of the said defendant, and was accepted for the United States of America on June 19, 1947, a copy of which is attached to plaintiff's Request for Admissions.

"(e) That pursuant to the aforesaid agreement the United States of America did advance $2,650.00 to the City of Willis, Texas.

"(f) That the said City of Willis, Texas did use the money so advanced by the United States of America for the purpose of plan preparation of a new sanitary sewer system and disposal plant in and near the said City of Willis, Texas.

"(g) That sometime in 1954 or in the early part of 1955, the construction of a sanitary sewer system and disposal plant for the City of Willis, Texas was begun."

It appears from the evidence that the $2,650 advanced by plaintiff was used by defendant for payment of construction plans prepared and drafted by J. J. Rady, an engineer engaged by defendant, (DX–4) prepared by Rady in January 1948.

The Rady plans were not considered feasible by defendant and were not used. In November 1954 defendant engaged N. B. Davidson and R. J. Putney, engineers, to prepare and draft plans for such a project (DX–3) and the Davidson-Putney plans were used by defendant in the construction of its sanitary sewer system and disposal plant.

Subsections (a) and (c) are here quoted from Section 501 of the Act:

"(a) In order to encourage States and other non-Federal public agencies to make advance provision for the construction of public works (not including housing), the Federal Works Administrator is hereby authorized to make, from funds appropriated for that purpose, *loans or advances to the States and their agencies and political subdivisions* (hereinafter referred to as 'public agencies') *to aid in financing the cost of architectural, engineering,* and *economic investigations* and *studies, surveys, designs, plans, working drawings, specifications, procedures,* and other action preliminary to the construction of such public works: Provided, That the making of loans or advances hereunder shall not in any way commit the Congress to appropriate funds to undertake any projects so planned."

"(c) Advances under this section to any public agency *shall be repaid by such agency if and when the construction of the public works so planned is undertaken.* Any sums so repaid shall be covered into the Treasury as miscellaneous receipts."

(Italics mine.)

Subsection (c) provides that advances shall be repaid by the agency if and when the construction of the public works so planned is undertaken. Plaintiff contends that the work was undertaken when, in late 1954 or early 1955, the construction of a sanitary sewer system and disposal plant was begun. Defendant denies that any construction was ever undertaken or started or that

any contract was ever let or awarded under the Rady plans, for which the money was advanced, and defendant claims that it therefore is not liable for the money advanced by plaintiff.

There is little judicial authority on the question. I have read two cases published in the reports, United States v. Board of Education of City of Bismarck, D.C.N.D., 126 F.Supp. 338, and United States v. City of Wendell, Idaho, 9 Cir., 237 F.2d 51. Both cases support the position of plaintiff.

The following is quoted from the Bismarck case [126 F.Supp. 341]:

"To the Court's mind, however, that is not determinative. The statute under which this litigation arises provides for loans or advances 'to aid in financing the cost of architectural, engineering, and economic investigations and studies, surveys, designs, plans, working drawings, specifications, procedures, and other action preliminary to the construction of such public works.' At the time application was made for a loan or advance, the public work referred to by the members of the school board was 'an addition to the Richholt School'. The board minutes indicate that the members thereof had been apprised of the Government's willingness to make advances or loans to stimulate or encourage the construction of public works and they desired to take advantage of such statutory provision as they expected that an addition to the Richholt School would eventually be needed. They made their application on that basis and received the advance in question. They are the ones who made the contract with the architects for the first set of plans. The Government had no part in that contract. Its position was that of a loaning agency and its purpose was to stimulate the construction of public buildings entirely under the control of the agencies making the applications for loans or advances.

"The determination of this case hinges on the meaning of the phrase 'public works so planned' as used in the statute. The phrase as used is susceptible of two possible constructions. Either it refers to the public work present in the mind of the applicant at the time the funds were requested or else it has reference to a specific plan preparation to be financed by the advance. If it refers to the public work in the mind of the applicant at the time of making application for funds, the plaintiff should recover, since the evidence points to the fact that defendant contemplated 'an addition to the Richholt School' at the time it requested the funds and such construction was eventually undertaken. If, on the other hand, it refers to a specific plan preparation which is to be financed by the advance, then a contrary conclusion may be in order, for the evidence is quite clear that the money advanced was paid to an architect for a set of plans which, due to construction costs, could not be and were not used.

\*     \*     \*     \*     \*     \*

"This Court is of the opinion that the phrase 'public works so planned' relates to the general plan contemplated by the applicant when requesting an advance of funds from the Government."

The motion of defendant for judgment, made when plaintiff rested its case, will be denied and overruled. The evidence offered by plaintiff, considered with the stipulations, entitles plaintiff to judgment consistent with the authorities cited and this opinion.

It is my opinion that repayment of the advance matured when defendant undertook the construction of its sanitary sewer system and disposal plant in 1954–1955. Plaintiff is entitled to judgment.

The clerk will notify counsel to draft and submit judgment accordingly.