CITY OF GREELEY, KANSAS, a municipal corporation, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7484.

United States Court of Appeals
Tenth Circuit.

Aug. 18, 1964.

J. A. Dickinson, Topeka, Kan. (Roy Cole, Orville Cole, Garnett, Kan., and Ralph E. Skoog, Topeka, Kan., on the brief) for appellant.

Lawrence R. Schneider, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen., Newell A. George, U. S. Atty., and Alan S. Rosenthal, Atty., Dept. of Justice, on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

The appeal is from a summary judgment entered below in favor of the United States and against the appellant city.

The facts may be briefly stated: In 1947, under applicable provisions of the War Mobilization and Reconversion Act of 1944, 58 Stat. 791, 50 U.S.C.A. Appendix § 1671, appellant received a grant in the amount of $2000.00, for the purpose of preparing plans for a city water works system. The money was spent for that purpose. After receipt of

the money an election was held in the city to vote bonds for the construction of the water works system and the bond proposal was defeated. In 1951 a second bond election for the same purpose was held and the proposal was defeated for a second time. It is undisputed that the project was abandoned after the two bond elections. The record does not disclose what happened to the architect's plans that were paid for with the $2000.00. In 1958, the city contracted for the preparation of new plans for the construction of a water works system and the project was completed thereafter. The first set of plans were not used or referred to during the course of planning or construction in 1958 and subsequent years.

Section 501(c), Public Law 458, 78th Congress, 50 U.S.C.A.Appendix § 1671, provides in part as follows: "Advances under this section to any public agency shall be repaid by such agency if and when the construction of the public works so planned is undertaken. * * * " The right of the United States to prevail depends entirely upon the interpretation of that sentence.

Appellant argues that because the original plans, paid for by the money advanced, were not used eleven years later when the water works system was finally constructed, the project as finally constructed had no relationship to the planning and study made pursuant to the advance, and therefore "the public works so planned" were never constructed and there is no liability on the city.

■■ There appears to be only three reported decisions on the question generally before us. Counsel on each side has cited and discussed these cases. The first is United States v. Board of Education of City of Bismarck, 126 F.Supp. 338 (D.N.D.1954) The city board of education there had received an advance under the statute in question in 1945. An architect was employed and prepared plans for an addition to an existing school building. About the same time bonds were voted in the amount of $75,000. Nothing further was done until 1949 when bids were requested for the project. The lowest bid of $258,000 was rejected. The previously employed architect was then re-employed to prepare a new set of plans and a contract was eventually awarded for the construction of a building according to the second plans. The building finally constructed was not the same building as provided for in the first set of plans. Judge Vogel, Circuit Judge, sitting on the district court, in a well reasoned opinion, gave the words "public works so planned" a broad meaning, so as to include "the public work present in the mind of the applicant at the time the funds were requested" rather than "a specific plan preparation to be financed by the advance." That is exactly the choice we must make in this case.

The two later cases, United States v. City of Wendell, Idaho, 9 Cir., 237 F.2d 51, cert. denied, 352 U.S. 1005, 77 S.Ct. 565, 1 L.Ed.2d 549, and United States v. City of Willis, Texas, 164 F.Supp. 324 (S.D.Tex.1958), aff'd, 5 Cir., 264 F.2d 672, cited with approval and followed the City of Bismarck case. A lengthy discussion of these cases is not necessary but it should be noted that the City of Willis case, factually, is nearly identical to this case. After a careful reading of the statute and the regulations promulgated in its implementation, we are in agreement with Judge Vogel's broad interpretation of the statute in question and must conclude that the appellant city is liable for repayment of the $2,000.00.

■ Appellant's counsel, in his oral argument here, for the first time, attacks the judgment of the lower court because of the allowance of interest upon the $2000.00 from September 10, 1958, which is the date actual construction was commenced upon the project. This question was not presented to the lower court by any post-judgment motion under Rules 59 or 60(b), F.R.Civ.P., 28 U.S.C.A., it was not included in appellant's "Statement of Points" and it was not included in appellant's brief filed herein. This court's own Rule 16 expressly provides that: " * * * The court will consider

only the points * * * stated [in appellant's statement of points]." We therefore decline to consider the question of interest.

Affirmed.