372 F.2d 199
 George W. SAVAGE, Owner and Managing Agent, Appellant,
v.
Joseph R. McNEANY, Trustee in Bankruptcy, in the Matter of
Hubbards, Inc., a New Mexico corporation, together with its
wholly owned subsidiaries, Rankin Department Stores, Inc., a
California corporation, and Weill's, Inc., a California
corporation, and Commercial Discount Corporation, Appellees.
 No. 8602.
 United States Court of Appeals Tenth Circuit.
 Jan. 25, 1967.
 
 Michael Keleher, Albuquerque, N.M. (W. A. Keleher, Albuquerque, N.M., with him on the brief), for appellant.
 Joseph R. McNeany, Albuquerque, N.M., trustee-appellee, pro se.
 Allen C. Dewey, Albuquerque, N.M. (John R. Cooney and Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, N.M., with him on the brief), for appellee Commercial Discount Corp.
 Before BREITENSTEIN and SETH, Circuit Judges, and KERR, District judge.
 SETH, Circuit Judge.
 
 
 1
 The trial court entered judgment sustaining a determination of the referee in bankruptcy that appellant-landlord's claim for anticipatory breach of his lease with the bankrupt was not a secured or lien claim, and thus was not ahead of the appellee, trustee in bankruptcy, nor ahead of Commercial Discount Corporation, a chattel mortgagee of the bankrupt. There is no dispute as to the rental actually accrued prior to the filing of the petition in bankruptcy.
 
 
 2
 The bankrupt, Hubbards, Inc., occupied a store building in Albuquerque, New Mexico, under an assignment of two leases from its predecessor. These leases had both been executed by the landlords on the same day in 1944 with the assignor of the bankrupt. One of the leases covers some ten pages in the printed record, and contains the details as to the percentage rental, maintenance, alterations, and the usual provisions for a store lease. It also contains a provision with which we are here concerned stating that the lessors shall have '* * * a valid and first lien as provided in the laws of New Mexico, upon any and all goods, chattels and other property belonging to the said Lessee as security for the payment of said rent and fulfillment of the faithful performance of conditions * * *.' This instrument was not filed or recorded in the records of the county clerk. Instead another instrument executed the same day as the above lease was there recorded. This one is referred to in the stipulated facts as a 'short form lease.' The stipulation states that this short form '* * * was filed for record in the office of the Clerk of Bernalillo County, New Mexico, on June 30, 1944, and recorded in Volume 6, 'Leases,' * * *.' This recorded 'short form lease' contains the names of the parties, a recitation that the premises are leased, a description of the land, the use as a store, the term, and an incorporation by reference of the terms and conditions of the unrecorded entire lease, the longer one described above. The short form lease contains no express reservation of a lien reserved by the landlord.
 
 
 3
 The bankrupt, Hubbards, Inc., in 1961 executed an installment note and chattel mortgage to the appellee, Commercial Discount Corporation, for money advanced. The chattel mortgage described at some length the furniture, equipment, and fixtures, and it also recited that it covered all stock, goods, wares, and merchandise then or thereafter on the premises. This chattel mortgage was filed in the appropriate county clerk's office in Book 'T' of 'Chattel Mortgages.' It was stipulated that the only title search made by Commercial Discount Corporation prior to the execution of this chattel mortgage was of the county clerk's records pertaining to Notices of Assignment of Accounts Receivable, Factors' Liens, Chattel Mortgages, Conditional Sales Contracts, and Taxes and Judgments. This search did not include the records pertaining to leases and revealed no lease of the premises occupied by the chattel mortgagor. The Commercial Discount Corporation had no actual knowledge of any contractual lien prior to the filing of the chattel mortgage.
 
 
 4
 On March 22, 1962, Hubbards, Inc., the lessee and chattel mortgagor, filed a chapter XI petition which was approved in July 1962. On August 2, 1963, the corporation filed a petition to be adjudged a bankrupt.
 
 
 5
 As above mentioned, the landlord filed a claim as a secured or lien creditor, based on its lease agreement, against the bankrupt estate for anticipatory breach of the lease. This was denied as a secured claim by the referee and by the United States District Court.
 
 
 6
 In the appellant's petition for review of the referee's order by the District Court, he asserts: 'That petitioner's secured status arises from its lease agreement, which created in lessor both a contractual and a statutory landlord's lien as the same exists under the laws of the State of New Mexico.'
 
 
 7
 The District Court's opinion, following the oral argument, contained in a letter to counsel, states: 'It is my understanding that Mr. Keleher (attorney for the landlord) is standing on the theory that the landlord has a contractual lien by virtue of the lease which was mentioned, and he is not claiming any statutory lien whatsoever.' The opinion was dated October 27, 1965, and the judgment of the court was filed on November 5, 1965. No objection appears to have been made to the statement in the court's opinion that appellant was standing solely on the theory of a contractual lien and was not claiming a statutory lien. Appellant in his argument here does not assert that any objection was so make. In appellant's Points Relied On For Appeal, on point is stated, and it is: 'The court erred in finding that recording of the lease did not constitute constructive or inquiry notice to interested parties.' Thus the only issue presented on this appeal is whether the trial court was correct in holding that appellant had no contractual lien as against the trustee and the chattel mortgagee.
 
 
 8
 We thus cannot consider appellant's arguments on this appeal that he arguments on this appeal that he had a statutory lien because he relied on the contractual lien alone before the trial court, and furthermore did not raise any other issue on appeal by his points relied upon. See our former Rule 16 then applicable, and City of Greeley, Kansas v. United States, 335 F.2d 869 (10th Cir.); First National Bank of Dodge City, Kansas v. Perschbacher, 335 F.2d 442 (10th Cir.).
 
 
 9
 The trial court stated the question to be whether the chattel mortgagee, Commercial Discount Corporation, when it took the mortgage had actual or constructive notice of the landlord's claim of lien. There was no proof of any actual notice, thus the trial court held if the recording of the 'short form lease' constituted constructive notice of the lien then the landlord should prevail, but otherwise not. The court held that in order for such constructive notce to have been given it was necessary that the lease, or a copy, have been left with the county clerk and filed and indexed as provided for chattel mortgages in N.M.Stat.Ann.1953, 61-8-1. This was not done. The court also held that the recording of a lease was not compliance with the Chattel Mortgage Act, and did not give notice to appellee, Commercial Discount Corporation. Thus the court held that the contractual lien was not a secured claim effective as against the chattel mortgagee nor the trustee in benkruptcy under these circumstances.
 
 
 10
 Appellant urges that the recording of the short form lease in the real estate records was constructive notice 'to all the world' of the landlord's lien reserved therein. There is nothing in the record to show any of the circumstances surrounding the recording of the lease. The stipulation only states that it was filed for record.
 
 
 11
 The New Mexico Supreme Court, in Shaffer v. McCulloh, 38 N.M. 179, 29 P.2d 486, had before it the effect of the failure of a county clerk to file an instrument delivered for filing as a chattel mortgage. The court there held that the chattel mortgage was protected as if the instrument had been filed. This cited case is not helpful here because from the facts before us it must be inferred that the landlord left the instrument to be recorded. The parties cite and argue from Armijo v. Pettit, 32 N.M. 469, 259 P. 620 (1927), where the court considered an unrecorded lease which contained a lien provision, and Frick Book & Stationery Store, 38 N.M. 120, 28 P.2d 660 (1933), where again there was an unrecorded lease. In the Frick case, the issue arose between the landlord and the tenant, consequently references to recording are not significant as the issue related to possession of the chattels. In the Armijo case the action was between the landlords and a receiver, but the issue of recordation as against filing was not involved. Thus neither case is of assistance on the issue before us.
 
 
 12
 We agree with the trial court that the New Mexico statutes, as they existed at the time in question, intended to separate the real estate records from all others in the clerk's offices, and to provide separate indices for their search. N.M.Stat.Ann.1953, 61-8-5. The recording statutes relating to chattel mortgages included all instruments which had the effect of a lien on personal property and required them to be filed as such rather than being recorded. The applicable statute then read in part: '* * * such chattel mortgage or a copy thereof, shall be filed in the office of the county clerk * * *. Failure to so file such chattel mortgage, or copy thereof, shall render the same void as to subsequent purchasers or mortgagees without notice, as to judgment or attaching creditors * * * as to trustees in bankruptcy * * *.' The recording of the instrument here in issue, apparently at appellant's request, did not constitute notice to appellees of the lien asserted by the landlord.
 
 
 13
 In the absence of controlling case law from the courts of New Mexico, the District Court's interpretation of state law will be accepted on appeal unless we are convinced that the court's interpretation is clearly erroneous. See Jamaica Time Petroleum, Inc. v. Federal Ins. Co., 366 F.2d 156 (10th Cir.); Pittsburgh-Des Moines Steel Co. v. American Surety Co. of N.Y., 365 F.2d 412 (10th Cir.); United States Fid. & Guar. Co. v. Lembke, 328 F.2d 569 (10th Cir.). We cannot say the District Court's interpretation in this case is erroneous.
 
 
 14
 The New Mexico statutes do recognize, as appellant urges, that liens may be created without a contractual arrangement, but such was not the case here. The lien was expressly provided for in the lease, and not by statute. The contract refers to the laws of New Mexico, but this does not make it both a contractual and a statutory lien. The reference was a device only to further describe the lien. The lien created cannot be at the same time a contractual one to avoid the cretain provisions of the Bankruptcy Act, and a statutory one to avoid the chattel mortgage laws; nor can it be one type at one time, and another at another time as appellant urges.
 
 
 15
 The contractual lien here in question was not effective to give the appellant a secured position in the bankruptcy proceedings as against the trustee or the mortgagee.
 
 
 16
 Affirmed.